```
IN THE UNITED STATES DISTRICT COURT FOR THE
        EASTERN DISTRICT OF OKLAHOMA

CARLA LEE CARR,                )
                               )
        Plaintiff,             )
                               )
v.                             )   Case No. CIV-16-129-JHP-KEW
                               )
NANCY A. BERRYHILL, Acting     )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.             )
```

## REPORT AND RECOMMENDATION

Plaintiff Carla Lee Carr (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 52 years old at the time of the ALJ's decision. Claimant obtained a GED. Claimant has worked in the past as a casino cashier/money counter. Claimant alleges an inability to work beginning November 14, 2012 due to limitations resulting from depression, severe mental disorder, PTSD, headaches, neck and shoulder pain, sleep apnea, herniated cervical discs, and facial neuralgia.

**Procedural History**

On December 17, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on June 27, 2014, Claimant filed for Title XVI benefits. Claimant's applications were denied initially and upon reconsideration. On September 15, 2014, Administrative Law Judge ("ALJ") Richard Kallsnick conducted an administrative hearing by video with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. On October 31, 2014, the ALJ issued an unfavorable decision. On February 16, 2016, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform a full range of light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to include all of her limitations in the hypothetical questioning of the vocational expert; and (2) failing to properly evaluate the

4

opinions of Claimant's primary mental health clinician.

**Hypothetical Questioning of the Vocational Expert**

In his decision, the ALJ determined Claimant suffered from the severe impairments of status post brain surgery with continued complications, severe depression, neck and back pain due to nerve damage, poor eyesight, incontinence, and medication side effects of drowsiness. (Tr. 12). The ALJ concluded that Claimant retained the RFC to perform a full range of light work. In so doing, the ALJ found Claimant could occasionally lift and carry up to 20 pounds and frequently lift and carry up to ten pounds; stand and/or walk for up to six hours in an eight hour workday; and sit for up to six hours in an eight hour workday. The ALJ determined Claimant's short term memory and pace were slowed but she retained the ability to understand, remember, and carry out simple and some more complex tasks under routine supervision. Claimant could relate to others on a superficial work basis and to a lesser degree with the general public. Claimant could adapt to a work situation. (Tr. 14).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of inspector, assembler, and masker, all of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 21). As a result, the ALJ found Claimant was not disabled from

5

November 17, 2012 through the date of the decision.  Id.

Claimant first contends that the ALJ's hypothetical questioning of the vocational expert failed to include all of her limitations.  The ALJ's hypothetical questions did not include a limitation for slowed short term memory and pace while the limitation was included in the RFC.  (Tr. 62-63).

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision."  Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).  In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ.  Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990).  Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record.  Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996).  Moreover, Defendant bears the burden at step five of the sequential analysis.  Hargis, 945 F.2d at 1489.

Defendant appears to argue that any reference to slowed memory and pace were subsumed into the restrictions included in the RFC and the hypothetical questioning of the vocational expert in the ability to understand, remember, and carry out simple and some more complex

tasks under routine supervision. These restrictions do not correlate with the recognition of short term memory and pace deficits. Complexity and speed or pace are not synonymous. Moreover, Claimant's contention that the jobs identified by the vocational expert have components of speed requirements under the *Dictionary of Occupational Titles* is well-taken. The vocational expert must be given the totality of the RFC restrictions in order for the ALJ to rely upon his testimony at step five. On remand, the ALJ shall reformulate his questions.

### Evaluation of Opinion Evidence

Claimant challenges the manner in which the ALJ considered the opinion of Geraldine Lee, BS BHCM II, Claimant's primary clinician at the Green Country Behavioral Health Services facility. The ALJ cited to Ms. Lee's statement on Claimant's condition dated June 17, 2014. (Tr. 18, 667). Ms. Lee stated Claimant had difficulty functioning on most days due to her depression and suffered a lack of motivation 90 percent of the time. She experienced anger over her inability to work and provide for herself, but had difficulty remembering, focusing, and concentrating. Id.

The ALJ recited this opinion but failed to analyze it in the context of vocational restrictions on Claimant's ability to work. The ALJ is required to consider all medical opinions, whether they

7

come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). Ms. Lee at least represents an "other source" whose opinion should be assessed weight and considered. Soc. Sec. R. 06-03p. On remand, the ALJ shall specifically state the weight and assessment consideration given to Ms. Lee's opinion as Claimant's primary clinician.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections,

with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 29th day of August, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE